IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brian Anthony Aspinall, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>Jeffery Keller, Shayla Sipp, Kevin )<br>Ong, Michael Hanson, Shannon )<br>Phelps, William Mackleburg, )<br>Patricia Moses, and Jeremy Follis, )<br>)<br>   Defendants. )<br>            ) | Civil Action No. 8:22-cv-4706-TMC<br><br>**ORDER** |

Plaintiff Brian Anthony Aspinall, proceeding *pro se*, brought this against the individual Defendants named in the caption. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), (g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. In February 2023, the magistrate judge entered an order concluding, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), that Plaintiff's original complaint (ECF No. 1) was subject to dismissal for failing to state a claim under which relief may be granted but affording Plaintiff an opportunity to amend the complaint. (ECF No. 16 at 26). Importantly, the order further provided as follows:

> **Plaintiff is hereby notified that if he asserts the claims noted above that are subject to dismissal for the reasons stated herein, the undersigned will recommend that this action be dismissed without further leave to amend.**
>
>  . . .

>    Plaintiff is warned that an amended complaint replaces all prior complaints and must be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915.
>
>    If Plaintiff fails to file an amended complaint that corrects the deficiencies identified herein, this action will be recommended for summary dismissal, with prejudice, pursuant to 28 U.S.C. § 1915 and without leave for further amendment. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *see also Workman v. Morrison Healthcare*, No. 17-7621, 2018 WL 2472069, at *1 (4th Cir. June 4, 2018) (explaining where the district court has already afforded a plaintiff with the opportunity to amend, the district court, in its discretion, can either afford plaintiff an additional opportunity to file an amended complaint or dismiss the complaint with prejudice).

*Id*. at 27–28 (emphasis in original).

Plaintiff filed an Amended Complaint (ECF No. 22) against the above-named Defendants, *dropping* the following Defendants that had been named in the original complaint: Attorney General of the United States, Department of Justice; United States Attorney for the District of South Carolina; Bureau of Prisons, Office of General Counsel; and EEOC Office of General Counsel. *Compare* (ECF No. 1) *with* (ECF No. 22).  Plaintiff alleges that he suffered a work-related "toxic exposure" injury while employed by the Bureau of Prisons ("BOP") as a correctional officer.

(ECF No. 22 at 2). Plaintiff claims he developed a disability as a result of this injury and was held "out of work" by his treating physician. *Id*. Soon thereafter, Plaintiff claims, his captain "coerced" his return to work whereupon he was re-injured and suffered a "breakout on his body." *Id*. at 3. According to Plaintiff, Defendants rejected his request for leave, failed to accommodate his purported disability, and, instead, terminated his employment while he was on a protected medical leave of absence. *Id*. at 4. Plaintiff contends that his "disability/medical conditions, work restrictions, request for and taking a leave of absence, EEO-protected activity, and whistle-blowing were the motivating factors for terminating his employment." *Id.*

The magistrate judge construed the Amended Complaint as asserting eight causes of action: (1) ADA disability discrimination (ECF No. 22 at 4–15); (2) failure to accommodate disability, *id*. at 15–19; (3) retaliation in violation of the ADA, *id*. at 19–21; (4) wrongful termination, *id*. at 21–22; (5) negligence, *id*. at 22–28; (6) civil conspiracy, *id*. at 28–29; (7) violations of the Fair Labor Standards Act ("FLSA"), *id*. at 29–30; and (8) violations of 42 U.S.C. § 12112, *id*. at 30–31. *See* (ECF No. 27 at 3–4).

**The Report**

In the Report, (ECF No. 27), the magistrate judge's thorough analysis and detailed discussion of Plaintiff's claims merit quotation at length. With respect to Plaintiff's employment discrimination claims asserted in the first, second, third,

3

fourth and eighth causes of action set for in the Amended Complaint, the magistrate judge concluded that "[a]ll of these claims are subject to dismissal because Plaintiff has failed to name a proper party" and noted that "[a]s this Court previously [stated] in its [February 2023] Order regarding amendment, Plaintiff cannot assert his discrimination claims against the individual Defendants named in the Complaint" as his employer was the BOP. *Id*. at 8–9. As to Plaintiff's FLSA claim, the magistrate judge determined that "Plaintiff's FLSA claim is subject to dismissal because he (1) failed to allege facts showing that any Defendant was his 'employer' under the definition in the FLSA," and (2) "failed to allege facts showing the approximate wages he was denied as to his FLSA claim." *Id*. at 11. And, finally, as to Plaintiff's state law claims for negligence and civil conspiracy, the magistrate judge concluded that the court lacks jurisdiction:

> For the reasons already discussed, Plaintiff's federal law claims (the discrimination claims) are all subject to summary dismissal. Accordingly, in the absence of a claim premised on a federal question, the Court will have jurisdiction over Plaintiff's state law claims only if he can meet the requirements of the diversity statute. However, Plaintiff has failed to satisfy the requirements of the diversity statute. Specifically, both Plaintiff and all of the named Defendants are citizens of South Carolina. Thus, because complete diversity between the parties does not exist, the Court lacks diversity jurisdiction over the state law claims.

*Id*. at 13.

Additionally, the magistrate judge concluded that Defendant Shayla Sipp, an EEOC Administrative Law Judge, is entitled to judicial immunity as Plaintiff's

4

claims against Sipp arise from the performance of Sipp's duties in a judicial capacity. *Id*. at 15.  The magistrate judge also found that some of the relief sought by Plaintiff is not recoverable, even if he were to prevail on his claims.  In particular, the magistrate judge determined that Plaintiff would never be entitled to collect $562,380 in "legal investigator" fees as *pro se* litigants are not permitted to recover attorney's fees.  *Id*. at 14.

Accordingly, the magistrate judge recommended that the court summarily dismiss the Amended Complaint without issuance and service of process as "Plaintiff has already been afforded an opportunity to amend his pleadings" but failed "to state a cognizable claim for relief."  *Id*. at 15–16.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the

district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore

6

a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## Discussion

Plaintiff filed objections to the Report. (ECF No. 35). A substantial portion of Plaintiff's objections sets forth general objections that do not relate to the dispositive portions of the Report but rather focus on the Plaintiff's *pro se* status—which the magistrate judge clearly recognized. To the extent the court discerns discrete, relevant objections to the Report, the court finds no reason to deviate from the Report. Plaintiff objects to the magistrate judge's conclusion that, as to his employment discrimination and FLSA claims, he failed to sue the proper defendant, suggesting that he properly named his employer as a Defendant in the original complaint and that, as a *pro se* litigant, he should be extended grace as it is clear that he intended to sue the BOP. *Id*. at 1–4. The court rejects these arguments and overrules this objection. It does not matter who was named as parties in the original complaint. As Plaintiff was *expressly warned* in the magistrate judge's February

2023 order on amendment, "an amended complaint replaces all prior complaints and must be complete in itself," (ECF No. 16 at 27 (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)); that is, "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case," *id*. (citing 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476). Plaintiff submitted the Amended Complaint naming only the individual Defendants rather than the BOP. The Amended Complaint is the operative complaint; the court will not consider the original complaint for purposes of curing the Amended Complaint.[1]

Plaintiff further objects to the magistrate judge's conclusion that Defendant Sipp is entitled to judicial immunity. Plaintiff contends Sipp "was not acting in her role of a neutral trier of fact, but an active adversary against me." *Id*. at 9. Plaintiff's allegations are based on ALJ Sipp's apparent ruling against him in the underlying/related administrative proceedings (ECF No. 22-1 at 3). Defendant Sipp

---

[1] Following issuance of the 16-page Report, Plaintiff moved to amend the pleadings once again. (ECF No. 31). After the magistrate judge issued a 28-page order explaining in detail that the individual Defendants named by Plaintiff are not subject to liability for the particular employment discrimination claims asserted by Plaintiff and literally inviting Plaintiff to submit an amended pleading asserting claims against the BOP, Plaintiff nonetheless submitted an Amended Complaint only naming the individual Defendants. Moreover, in his objections, Plaintiff continues to assert that the individual Defendants—who do not qualify as his employer—are liable for alleged employment discrimination. (ECF No. 35 at 8). Plaintiff was previously granted leave to amend his complaint (ECF No. 16) and an additional extension of time to do so (ECF No. 20) in compliance with the magistrate judge's detailed and explicit order. The court declines to grant Plaintiff further leave to amend and **DENIES** Plaintiff's motion (ECF No. 31).

was obviously acting in a judicial capacity and is entitled to immunity. *See, e.g.*, *Brightwell v. Hershberger*, No. 11-3278, 2013 WL 709784 at *4 (D. Md. Feb. 26, 2013) ("Administrative law judges are entitled to immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court."). The court overrules this objection.

The court has carefully reviewed the February 2023 order on amendment, the Amended Complaint, the Report and Plaintiff's objections—whether or not expressly discussed in this order—and finds no basis for concluding that the magistrate judge erred in her analysis or recommendations.

## Conclusion

Accordingly, the court agrees with the recommendation of the magistrate judge and **ADOPTS** the magistrate judge's Report (ECF No. 27), which is incorporated herein. Accordingly, this action is **DISMISSED.**[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

November 30, 2023
Anderson, South Carolina

---

[2] Having concluded Plaintiff's action is subject to summary dismissal, the court concludes that Plaintiff cannot satisfy the elevated showing necessary to be entitled to an emergency preliminary injunction or a Temporary Restraining Order, as he cannot make a showing that he is likely to succeed on the merits. Therefore, the court hereby **DENIES** Plaintiff's motion for an emergency preliminary injunction (ECF No. 33) and **DENIES** Plaintiff's motion for a Temporary Restraining Order (ECF No. 37).

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.